Our next case for argument is Retzios v. Epic Systems. Mr. Mimoulkis. May it please the court. The D.C. court, the district court, erred in ruling that the dispute fell within the scope of the arbitration agreement. The defending COVID vaccine mandate was outside the scope of the arbitration agreement. It is well established with the Federal Arbitration Act that arbitration agreements must be considered valid, irrevocable, and enforceable, except on legal or equitable grounds for the revocation of the contract. This court has held in Koteny v. Ancestry.com DNA that the court must compel arbitration when it finds the three elements. One is a written valid arbitration agreement. The second one is a dispute within the scope of the arbitration agreement and a refusal to arbitrate. We maintain today that under the arbitration act, there are legal and equitable grounds for revocation of the contract. What about her, what about her claim brought it outside of employment, her employment? What about it, your honor? What she's making this claim with regard to the vaccine. What, what aspect of what she was complaining about was outside of her employment? The aspect outside of her employment. It was, it was all within the employment then. It was her right to make her own medical choices regarding her health. Right. But this, and these challenges that she's making are going to, her employment with Epic and that employment is the subject of the arbitration agreement. So I'm trying to draw the Venn diagram as to what you say brought this outside of her employment agreement that would have the arbitration component. What brought it outside is it would, it was not in the original employment agreement. It wasn't in the relationship. What does that have to do with the language of the arbitration clause, which deals with disputes arising out of the scope of employment and this vaccine requirement concerns being vaccinated in order to work. So it's related to the scope of employment. So I, I just another version of judge Brennan's question. In what sense is this outside the scope of her employment? Well, the courts have been clear that you can challenge the validity. I'm not asking about the court. What we're telling you, I'm asking you to tell me in what way this is outside the scope of her employment since the employer is responding as the employer to something Retsios refused to do as employee. The petitioner has a right to challenge the validity of the contract, the validity of the agreement prior to even looking at the terms of the agreement to see if there's a matter of contract law that negates it. Prior to the language of it. You realize that that too, under the Supreme Court's cases is for the arbitrator. The judge has to decide whether the parties agreed to arbitrate. Whether that agreement is valid is for the arbitrator. There are multiple Supreme Court cases on that point. There are, there are also cases where the arbitration agreement can be determined prior to arbitration to be the only thing that is determined prior to arbitration is whether the parties agreed to arbitrate. Everything else goes to the arbitrator. I'm just repeating multiple holdings of the Supreme Court of the United States, none of which were brief discusses. Then, then it violates the fundamental principle of a meeting of the minds and consent. You've never disputed that your client signed the employee stock award agreement that had the arbitration agreement attached. No, I don't. And I disagree with the district court that it actually damages our argument. It actually supports it because in that case, had an arbitration agreement attached that said any, that a covered claim involves anything dealing with a dispute between Epic and your client about her employment and your client brought title seven and ADA claims based on discrimination and employment that falls squarely within that language. It does. And it's not the claim necessarily. It's the issue of whether the stock award was relevant to it. And Epic had a right to amend the arbitration agreement. How is the stock? She agreed to this. She signed it and the language for arbitration couldn't be more clear. So arbitrability is for the arbitrator and you're making an argument with regard to the initial agreement that would have occurred. This is not an at will employment situation. There was an employment agreement with the stock award. There are plenty of vaccine challenges out there with regard to at will employment. This is not one of those. This falls within the rubric of an employment agreement with an arbitration clause. That's the difficult argument you have. Even if it wasn't a vaccine issue, I'm arguing the right of the owner, the right of the employer to introduce new terms. They're outside of the scope of the employment. And here I'm arguing that they introduced a new term outside of the scope. Sounds like something you would present to an arbitrator. Just like you would say, the employer suddenly required my client to work 50 hours a week instead of 40 and then got fired as a result of refusing to work the extra 10 hours. It might persuade an arbitrator. It might not. But since you don't dispute that your client agreed to arbitrate, that's the end. But we didn't agree to arbitrate the whole world. Everything related to employment disputes between your client and Epic. And this is one. I would argue that their condition that they added wasn't related to the employment dispute. Now I've got a question that's potentially jurisdictional though. I suspect it isn't. What do you think is the effect of Smith against Paziri on this case? Actually, I, I am not familiar with it. So holding of the Supreme court that when the district judge orders arbitration, it must stay the proceedings rather than dismiss them. And if this case had been stayed as the arbitration act says it should have, and the Supreme court says in Smith, it should have, it would not be appealable because pro arbitration decisions can't be appealed. Only anti-arbitration decisions are appealable. So do we have a pellet jurisdiction? You have, I would say you have a pellet jurisdiction based on other grounds, based on Epic, not based on what other grounds? That the defendant practices in every jurisdiction has context and subject matter jurisdiction everywhere. I don't understand how anything you're saying relates to a pellet jurisdiction. Context goes to personal jurisdiction. I don't, the question is that personal jurisdiction related. Well, if, if that is correct, the reading of the Supreme court decision, then there is a question of your jurisdiction, but I haven't had time to review that and look into it. Everybody is required to think about a pellet jurisdiction before taking an appeal. Correct. Finally, you might want to use your remaining time to respond to the motion for sanctions. I would, I would, I would, I would have the court, I would ask the court in the federal arbitration act, if it's valid and revocable and enforceable except on legal or equitable grounds, are you, there are cases where those that basis comes in prior and it's not the determination of the arbitrator. It doesn't withdraw from the court, the authority to pull it out. I would wonder if there's a scenario and you give me the impression that there is no such scenario, but the statute clearly allows that it's unenforceable except on legal or equitable grounds prior to the arbitrator. Because this whole issue, this whole conflict is before the court for that. Were there any steps here taken to retain an arbitrator or start a triple a process or anything like that? No, no. The, the dependent never initiated it. Um, it went to EOC, it went to other administrative hearings, but, um, then the filing of this case and the filing of this case. So it wasn't, uh, it wasn't trumped and headed this way. I will reserve the final time for any, unless you have a problem. Thank you. Council. Ms. Brooks, perhaps you can start with appellate jurisdiction. I will, your honor. And we're certainly aware of the Supreme Court's decision in Smith v. Sposuri. Um, even though Epic's motion to compel and dismiss or in the alternative to stay at the district court preceded that decision, we were aware of some contradictory authority on both sides of the issue, which is exactly why we phrased our motion. The Supreme Court said in Smith that the statute is crystal clear about what the judge is supposed to do. We understand that, but there had been some contrary authority to that before. But judge, the problem for Ms. Retzios, she didn't take a position at all at the district court as to whether the case should be dismissed or stayed. And then in her appeal briefs to this court, she didn't address the dismissal or stay issue. And so the court did, the district court did dismiss rather than stay. And you asked the district court to stay. Our motion was entitled compel arbitration and it either to dismiss or in the alternative to stay. That's exactly how we phrased our motion. Well, I understand the contention, the position that appellate jurisdiction depends on what the district judge did rather than what the district judge should have done. It's clear that what the district judge did was a mistake, but it did dismiss. And so, well, here we are. Yes, that's right. It did dismiss. And we would respectfully assert that Ms. Retzios waived her argument to oppose that distinction between dismissal or stay because she never, never addressed it either at the lower court or here. And so to start with this, I just want to address the main issue. It's whether or not Ms. Retzios' claims fall within the definition of covered claims in the arbitration agreement. And it's, it couldn't be any clearer that they are covered claims under the agreement. The agreement says covered claims are defined as any statutory or common law claims that relate to or arise out of her employment. Well, I think we've got that. Judge said we've already read it. Okay. Yes. So, and her complaint asserts a termination claim under the ADA, a termination claim under title seven, the religious accommodation aspects and one common law, wrongful termination claim. And there's no, the rest of her arguments, I struggle to understand them, frankly, about promissory staple and, and the like. And so we are willing to rest on our briefs on that point. Unless there's any further questions. I don't see any further questions. Okay. Thank you. Thank you. Mr. Mamoulakis, you have 18 seconds. I guess they answered it as far as the district court dismissed it as opposed to and that opened the door, whether right or wrong to the appeal. Was there a downside to your client arbitrating? No, it was just a wish. Um, maybe limited, limited remedies, even though I understand that the remedies are supposed to match. It might've been more limited in the arbitration context. Yes. And, and it was also regional. So Epic has a big impact in that area, a big reach. So it would have been, um, to get a fair hearing to get a more neutral body. So there were other issues. Thank you. Thank you. Thank you. Counsel, the case is taken under advisement.